UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KEITH HELMET ROHRS** | : | **DOCKET NO.  2:14-cv-660** |
| **VS.** | : | |
| **AIR PRODUCTS AND CHEMICALS, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a motion for partial summary judgment filed by defendant Air Products and Chemicals, Inc. (hereinafter Air Products). For the reasons set forth below, the motion is **GRANTED**.

### I. FACTS & PROCEDURAL HISTORY

On June 14, 2010, plaintiff Keith Rohrs (hereinafter Rohrs) agreed to grant Air Products rights of way, use, and servitude over his property for the installation of an underground pipeline. As part of that agreement Air Products agreed to restore the surface of the property following construction.  Doc. 6, att. 1.  Since Rohrs raised livestock on his property the contract provided that:

> During the construction period only… [Air Products] agrees to the following:
>
> (i)   To reimburse [Rohrs] the cost of boarding the livestock for a period of thirty (30) days.[1]  If the construction period exceeds thirty (30) days, [Air Products] will reimburse [Rohrs] for the costs of the additional

---

[1] There is apparently no dispute that Air Products paid Rohrs this initial 30-day sum "up front," and thus all that remains for this court to consider is the amount owed for the period exceeding the first thirty days of construction. Doc. 6, att. 7, p. 2.

-1-

> boarding of the livestock post-construction, upon submission of boarding receipts.
>
> …

Doc. 6, att. 1, pp. 3-4.

Construction on the pipeline and the subsequent restoration of Rhohrs' property began in February of 2012 and ended in September 2012.  Due to drainage issues Rohrs was not satisfied with the restoration work and notified Air Products of his concerns in October, 2012.  Air Products agreed to fix the issues, and this subsequent work was completed by Air Products on November 7, 2012. Doc. 6, att. 4, pp. 1-2.

Throughout this period, Rohrs moved his livestock, namely goats, from their grazing area on his property to the yard next to his home.  Rohrs never removed the goats from his property for boarding with a third party.  They have remained at his home and under his care since February, 2012.  Doc. 8, p. 3.  While Rohrs has provided Air Products with two quotes from local contractors totaling $17,420 for the cost of repairs to the "holding area" where his livestock are being held, the record indicates that he has yet to submit any receipts for boarding the animals.  Doc. 6, att. 8, pp. 18-19.

Still not satisfied with the work done to restore his property, Rhors brought suit in state court in April of 2013.  Among his claims is reimbursement for the costs of boarding his animals since February, 2012.  Doc. 6, att. 5, p. 2.  Air Products filed a Notice of Removal on March 24, 2014.  This motion for partial summary judgment was filed on April 24, 2014.  It seeks dismissal of the plaintiff's claim for boarding costs.

In its memorandum in support of motion for partial summary judgment, Air Products asserts that Rhors is not entitled to reimbursement for boarding because he has not submitted any boarding receipts as the contract requires.  They argue that the contract creates a conditional obligation based on a suspensive condition yet to be fulfilled.  Without fulfillment of that

condition (the submission of boarding receipts), they claim no enforceable obligation exists. Doc. 6, att. 10, pp. 6-7.

In opposition, Rohrs admits to not moving his livestock but claims that an "implied in fact" contract arose between the parties because they never contemplated seven months of construction. Rohrs states that had he known that the construction and restoration of his property would last that long, he would have moved his animals offsite instead of keeping them on his property. He argues that we must still determine (1) whether an implied contract was ever formed and if so (2) what the terms of that contract were. Doc. 8, pp. 7-8. Furthermore, Rohrs asserts that the parties never agreed to limit Rohrs' damage claims with respect to boarding costs and since the restoration of his property has not yet ceased, general damages are still owed regardless of the submission of any boarding receipts.[2] Doc. 8, pp. 9-10.

## II. LAW & ANALYSIS

According to the Federal Rules of Civil Procedure a grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A dispute is said to be "genuine" only where "a reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (*citing Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). However, "Rule 56[(a)] mandates the entry of summary judgment…against a party who fails to make a showing

---

[2] We decline to address this argument for general damages because we have not been asked to decide the property restoration issue at this time. The motion for partial summary judgment only seeks resolution of the boarding dispute.

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (*citing Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

It is well-settled that the "laws of the several states…shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." 28 U.S.C.A. § 1652 (West); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Here, we face dispute over a contract granting a servitude and other real rights in immovable property located in the state of Louisiana, and "[r]eal rights in immovables situated in this state are governed by the law of this state." La. Civ. Code Ann. art. 3535. Thus we must apply Louisiana law to this case.

The Louisiana Civil Code declares that "*[c]ontracts have the effect of law between the parties*, and the courts are bound to interpret them according to the common intent of the parties." La. C.C. arts. 1983 and 2045. (emphasis added). "If the words of a contract are clear, unambiguous, and lead to no absurd consequences, the court need not look beyond the contract language to determine the true intent of the parties" and "[w]hen a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for a court to decide." *American Deposit Ins. Co. v. Myles,* 2000–2457, p. 5 (La.4/25/01), 783 So.2d 1282, 1286. *See also Associated Acquisitions, L.L.C. v. Carbone Properties of Audubon, L.L.C.,* 2007–0120, p. 6 (La.App. 4 Cir. 7/11/07), 962 So.2d 1102, 1106;

*Abshire v. Vermilion Parish School Bd.,* 02–2881, p. 5 (La.2003), 848 So.2d 552, 555; *citing* La. C.C. art. 2046.

The contract at issue between Rohrs and Air Products provides that Air Products would reimburse Rohrs "for the additional boarding of the livestock…upon his submission of *boarding receipts*." Doc. 6, att. 1, p. 4. (emphasis added). We find this language unambiguous. There is no evidence here to suggest that Rohrs has submitted any receipts to Air Products. Rohrs, in fact, never boarded his animals. He simply moved them from one part of his property to another. While he did provide Air Products with quotes for repairs to a "holding pen area," we find those quotes insufficient to meet the contractual obligation. Quotes are not receipts.

Even if the language of the contract were not clear other submissions in this case support the conclusion that the parties intended receipts would be submitted. Rohrs stated in an affidavit submitted in connection with his memorandum in opposition that "[the contract] provided that, if the construction went beyond thirty (30) days, Air Products would pay additional boarding fees to me, upon providing boarding receipts." Doc. 8, att. 1, p. 2. The parties clearly contemplated the deposit of the livestock with a third party, that boarding receipts would be provided for that deposit, and that reimbursement would be conditioned on the submission of those receipts. *Id.*

Air Products correctly argues the contract between the parties created a conditional obligation based on a suspensive condition. *See* La. Civ. Code Ann. art. 1767. Suspensive conditions suspend the effects of a contract until the occurrence of an uncertain event. If that event never occurs, no contract is formed, and no obligation is ever created. *Unkel v. Unkel*, 29, 728 (La. App. 2 Cir. 8/20/97), 699 So. 2d 472, 475. In this case, without the submission of boarding receipts (the uncertain event) Air Products is not under any obligation to reimburse Rohrs.

We are not convinced by Rohrs' arguments that there are unresolved factual issues over the formation and terms of an implied contract. The 2010 contract was not implied. It was a written document that explicitly provided for reimbursement upon the submission of boarding receipts. Doc. 6, att.1, p. 4. (emphasis added). Rohrs recognized the existence of that contract in his affidavit and indicated that he understood its terms. Doc. 8, att. 1, p. 2. Moreover, he has admitted that he never boarded his animals and the record clearly indicates that he did not provide receipts to Air Products. He is not entitled to reimbursement.

### III. CONCLUSION

For the reasons stated above, the court finds no genuine dispute as to any material fact and the defendant's motion for partial summary judgment [doc. 6] is **GRANTED**.

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE